STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
June 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

SONNY P. BELLO,
Claimant Below, Petitioner

vs.)    No. 12-1518 (BOR Appeal No. 2044704)
                (Claim No. 960011332)

WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent

and

MOUNTAINEER COAL DEVELOPMENT COMPANY,
Employer Below, Respondent

MEMORANDUM DECISION

Petitioner Sonny P. Bello, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2012, in which the Board affirmed a June 18, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 30, 2009, decision which granted no additional permanent partial disability award over the previously granted 27% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Bello, a coal miner, was injured in the course of his employment when he was walking in a mine, slipped on some foam, fell toward the ground, and caught himself with his right arm on August 7, 1995. He sustained injuries to his right shoulder and cervical spine, and his claim was held compensable for specified disorders, bicipital tenosynovitis, rotator cuff sprain, brachial neuritis, and neck sprain. By an Office of Judges' Order dated January 28, 2005, Mr. Bello was awarded 22% impairment for the cervical spine and 7% impairment for the right shoulder for a total permanent partial disability award of 27%.

Mr. Bello was evaluated by Victor Poletajev, D.C., on March 17, 2008. In that independent medical evaluation, Dr. Poletajev used the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993) to assess 11% cervical spine impairment. He calculated an additional 10% impairment for loss of range of motion and 8% impairment for sensory and motor defects in the right arm. These were combined for a total of 26% cervical spine impairment. For the right shoulder, he assessed 11% impairment due to range of motion loss and 10% impairment for acromioplasty for a combined total of 20% right shoulder impairment. That percentage was then converted to 12% impairment per the American Medical Association's *Guides*. Dr. Poletajev combined the ratings for a total whole person impairment of 35%.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Mr. Bello on September 26, 2008. He assessed 2% impairment for the right shoulder. For the cervical spine he calculated 11% impairment using the American Medical Association's *Guides*. For range of motion loss he assessed 9% impairment for a combined total of 19% cervical spine impairment. He noted that he did not believe that West Virginia Code of State Rules § 85-20 (2006) applied in this case but if it did apply, the adjusted cervical impairment would be 25%. Therefore, he assessed either 21% or 27% whole person impairment depending on whether West Virginia Code of State Rules § 85-20 applied. Dr. Mukkamala found Dr. Poletajev's report to be unreliable. Dr. Poletajev found sensory and motor defects that Dr. Mukkamala did not find. Dr. Poletajev also found increased range of motion limitations in the right shoulder that Dr. Mukkamala did not discover. Lastly, Dr. Mukkamala stated that Dr. Poletajev gave an impairment rating for acromioplasty. He asserted that there is no such impairment in the American Medical Association's *Guides*. He concluded that Dr. Poletajev's report was erroneous and unreliable.

Mr. Bello underwent a final independent medical evaluation on March 10, 2010. In that evaluation, Paul Bachwitt, M.D., determined that Mr. Bello had sustained 11% cervical spine impairment using the American Medical Association's *Guides.* He found that range of motion measurements were too restricted to be credible and estimated 11% impairment. Pursuant to West Virginia Code of State Rules § 85-20-Table E (2006), the impairment was adjusted to 25%. For the right shoulder, he calculated 6% impairment. He opined that Dr. Poletajev's findings were unreliable. He determined that the findings were too great for Mr. Bello to have been putting forth adequate effort. Dr. Bachwitt noted that Dr. Poletajev found impairment for acromioplasty which was incorrect because Mr. Bello meets none of the criteria in the American Medical Association's *Guides* for that impairment.

2

The claims administrator granted no additional permanent partial disability award over the prior 27% award on March 30, 2009. The Office of Judges reversed the decision in its June 18, 2010, Order. First, it observed that there was a dispute between the evaluators regarding whether West Virginia Code of State Rules § 85-20 applies to the post June of 2004 evaluations. The Office of Judges held that subsequent independent medical evaluations are to apply West Virginia Code of State Rules § 85-20 regardless of whether there is a prior permanent partial disability award in the claim that predates the Code's effective date.

Second, the Office of Judges found that Mr. Bello was entitled to an additional 3% permanent partial disability award for the cervical spine. It determined that both Drs. Mukkamala and Bachwitt assessed 25% cervical spine impairment. Their opinions were determined to be persuasive. Dr. Poletajev's assessment of 26% impairment was found to be unreliable because he included in his calculation an 8% impairment rating for loss of strength in the right arm. The Office of Judges found it was inappropriate to include this in the cervical spine assessment because Mr. Bello also sustained a right shoulder injury for which he was rated separately.

Lastly, the Office of Judges held that there had been no persuasive showing of additional impairment in the right shoulder. Mr. Bello asserted that he was entitled to additional impairment based upon Dr. Poletajev's evaluation; however, it was determined that Dr. Poletajev's right shoulder assessment was unpersuasive. The Office of Judges found that Dr. Poletajev included in his assessment an impairment rating for acromioplasty. He was the only physician of record to do so. Both Dr. Mukkamala and Dr. Bachwitt noted in their reports that the American Medical Association's *Guides* do not recommend 10% upper extremity impairment for resection of the acromion. That award is recommended for a total shoulder replacement and a resection of the humeral head. Mr. Bello did not undergo either of those surgeries. The Office of Judges held that the preponderance of the evidence shows that Mr. Bello suffered 25% impairment to his cervical spine and no more than 7% impairment to his right shoulder as the result of his compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 6, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidence indicates Mr. Bello suffered no more than 25% impairment to his cervical spine and 7% impairment to his right shoulder as the result of his work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 6, 2014**


**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II